71                         1821.
Sup. Court.

*John MacDonell*
*vs.*
*John Scott.*

filed in Court
Sept 19th 1821.
            M DORR Clk

Territory of Michigan,   ⎫
County of Wayne        ⎬ ss.
                    ⎭

I James Abbott, one of the justices of the peace for the county aforesaid, do certify to the Honorable Judges of the Supreme court of the Territory of Michigan, that on the twenty fourth day of February, in the year of our Lord one thousand eight hundred and twenty one, at the city of Detroit, in the county aforesaid, John MacDonell in the said writ named, complained before me against John Scott also in the said writ named of a plea of Trespass on the case to his damage five dollars, and required of me process on his said complaint: whereupon in pursuance of the authority given to me, in and by the act entitled "An act to regulate and define the duties and powers of Justices of the peace and Constables, in civil cases," I issued a summons directed to any constable in the county, commanding him to summon the said defendant to appear before me at my office in the city of Detroit in the said county, on Saturday the third day of March, at ten of the clock in the forenoon of the said day, to answer the said plaintiff John MacDonell in a plea of trespass on the case, to his damage five dollars, which said summons, on the day mentioned therein for the return was delivered to me by Samuel Sherwood, one of the constables within the county aforesaid, with an indorsement thereon signed by him, that he personally served the same on the defendant by reading it to him on the twenty sixth day of February aforesaid, in the year of our Lord one thousand eight hundred and twenty one aforesaid; — And I do also certify that on the said return day, viz$^t$ the third day of March aforesaid, the Defendant by his Attorney Samuel T. Davenport appeared before me, and on motion the case was continued to the ninth day of the said month of March; and on the said ninth day of March at ten of the clock in the forenoon the Defendant appeared and on motion the case was continued to four of the clock in the afternoon of same day; and in the afternoon of same day towit, at four of the clock, the parties as well the Plaintiff as the Defendant appeared and on motion and for reasons appearing to the court the case was continued to the twelfth day of the said month of March; and on the said twelfth day of March the parties as well the Plaintiff as the Defendant appeared in court, and on motion of the Plaintiff and for reasons appearing to the court the case was continued to the thirteenth day of the said month of March; and on the said thirteenth day of March parties appeared in court in their proper persons and also by their attornies; and the said Plaintiff declared against the said Defendant in the following words "This action is brought to recover of the Defendant the sum of four dollars and eigteen cents, for services rendered said Defendant by Plaintiff at his special instance and request as a

Justice of the peace," and the Defendant being called upon to answer the said complaint plead the "General issue": AND issue being so joined between the said parties, the Defendant demanded that the same should be tried by a Jury, upon which demand I issued a second venire facias having previously issued one at his request on the eighth day of March aforesaid, directed to any constable within the county aforesaid, commanding him to summon *six* good and lawful men to be and appear before me to make a jury for the trial of the action aforesaid; and on the return thereof, it appearing to be, on examination of the statute, *imperfect*, I issued a new venire directed to any constable of the county aforesaid, commanding him to summon twelve good and lawful men to appear before me on the same day, towit, on the thirteenth day of March aforesaid, for the trial of the action aforesaid: at which time Samuel Sherwood one of the Constables of the county aforesaid returned the said venire to me, with a panel containing the names of twelve persons summoned by him for the jury aforesaid.

AND I do also certify that on the day and at the place aforesaid, the said Plaintiff and Defendant in their proper persons as also by their attornies appeared before me as before mentioned; and the names of the persons so impannelled being written on ballots and drawn for, as is prescribed by a statute of our Territory, six of the persons so impannelled, towit; Jairus Baldwin, Abraham Wendell, John B. Durette, Abraham Canniff, Peter John Desnoyer and Ephraim Farnsworth, being duly elected, tried and sworn, well and truly to try the matter in difference between the parties aforesaid, and to give a true verdict according to evidence, after hearing the proofs and allegations of the parties which were delivered in public in their presence, said upon their oaths that the said Defendant did promise and undertake in manner and form as the said plaintiff hath complained against him and they assessed the damages of the said Plaintiff, by occasion of the premises, over and above his costs to the sum of five dollars and fifty six and one fourth cents: Whereupon I the said justice, in pursuance of the directions of the said Act, did adjudge that the said plaintiff recover against the said Defendant the sum of five dollars (*the Defendant having released fifty six and one fourth cents*) by the jury between the said parties as aforesaid assessed, and also the sum of six dollars and sixty two and a half cents for his costs in prosecuting his said complaint before me, according to the bill thereof hereunto annexed: AND being further required by the seventeenth section of the act before mentioned, on the service of any certiorari to reverse any judgment rendered as aforesaid, to make a special return as to all the facts stated in the affidavit of the Defendant *which was not filed with me until the fifteenth day of September instant*, I do therefore make return of the following as facts to the best of my knowledge and belief, viz^t The action aforesaid was brought to recover of the Defendant the sum of four

dollars and eighteen cents for services rendered said Defendant by Plaintiff at his special instance and request; and it appeared on the trial of the case, that the services rendered were for certain costs which accrued to the said Plaintiff on a certain complaint made in behalf of the United States by the said Scott before the said McDonell, as a Justice of the peace, on the tenth day of August eighteen hundred and twenty, against John and Stephen Hazell: that on that complaint the said justice MacDonell bound the said John & Stephen to appear before the Supreme Court of the Territory of Michigan: that the said John & Stephen did appear before the said Supreme Court; but that the said John Scott the Defendant did not go before the Grand Jury, then in session, for reasons best known to himself; consequently, it was impossible for the said Grand Jury to find a Bill against the said John and Stephen Hazell, inasmuch as the said Scott neglected or did not go before that body and testify to the same facts as he had done before the said justice MacDonell on his application to him for a redress of the wrongs and injury he had suffered. That *oral* testimony, namely, that of Edward W. Goodwin, clerk to said justice MacDonell, was admitted on the trial of the case aforesaid, to go to the Jury; but for what purpose was it admitted; it was, *to prove the hand writing of the said Defendant Scott to the original complaint filed with said justice on the said tenth day of August aforesaid,* and which is in fact the foundation of the action aforesaid.

That a transcript of the Docket of the said Justice MacDonell, certified by himself, was admitted to go the Jury is a fact; but not until it had been examined and found to be a correct and true transcript of the said Justices record: it was then suffered to go to the Jury, together with the original book of record.

That in the charge given to the Jury aforesaid, they were instructed "that it was a mater of no great consequence how they came at the *facts*, but the same being once in their possession, they as Jurors, *in my opinion*, were bound to take notice of them" and not as the defendant Scott states "that it was no matter *how* they got at the facts, they were bound to take notice of *every thing.*"

That in relation to the admission of illegal testimony, the undersigned is not aware that any went down to the Jury; and verily believes that none did.

That in order to ascertain the rate of fees, the Plaintiff justice MacDonell was permitted to read and give to the Jury one of our statute books, which, in the opinion of the undersigned was not repealed at the period the services were said to have been rendered by the Plaintiff to and for the Defendant; nor was it demonstrated by the Defendant aforesaid or his counsel, to the satisfaction of the subscriber, that the statute alluded to was repealed.

That the venire facias was not issued nor defficient in the manner that the Defendant Scott has stated in his affidavit; but was issued in the manner as herein before mentioned, and was in every way, in the opinion of the undersigned, equivalent to the one prescribed in our book of statutes.

That the bill of costs, a copy of which as before mentioned, is hereunto annexed, the undersigned trusts and believes will on examination by the Honorable Judges be found to be correct and just, and not erroneous as the Defendant has been pleased to state.

That the plaintiff aforesaid in his writ laid his damages only at five dollars is a fact; and it is also a fact, that the Jury in their verdict as before mentioned gave him damages to the amount of five dollars and fifty six and one fourth cents: but judgment was rendered *only* for five dollars, the plaintiff as before mentioned having released the sum of fifty six and one fourth cents part thereof. All of which I send with the process, pleadings and other things, touching the aforesaid proceedings and judgement, in as full and ample a manner as the same remain before me, as within I am commanded.

Given under my hand and seal at the city of Detroit, the fifteenth day of September in the year of our Lord one thousand eight hundred and twenty one.        JAMES ABBOTT,   [SEAL]
            Justice of the peace

### Bill of Costs

| | | |
|---|---|---|
| Jurors fees 6 a 25 | | 1 50 |
| Constables attendance | | 25 |
| Ditto for the service of | | |
|   3 venire's | | 1 50 |
| Ditto for summons | | 25 |
| Ditto for 3 Subpoena's | | 37½ |
| Witnesses attendance 2 | | 50 |
|   Justices, viz$^t$ | | |
| Summons | 12½ | |
| 3 Subpoenas | 37½ | |
| Swearing Jury | 25 | |
| Ditto Witnesses | 18¾ | |
| Continuances 4 | 50 | |
| Venire facias 3 | 37½ | |
| Entry of verdict | 6¼ | |
| taking security | 12½ | |
| Judgement | 25 | 2 25 |
| | | $6 62½ |

654

*John MacDonell*
    *vs*
*John Scott.*

In case &c:—

The United States *of America, to the constable of the County of Wayne.* Summons a Jury of twelve good and lawful men to enquire upon their Oaths the truth in the above case, before me this day at 10.a.m. Hereof fail not.

Given under my hand at Detroit, the thirteenth day of March, A.D. 1821.

James Abbott
Justice of the Peace.

[In the handwriting of James Abbott]